UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL L. SCHAFER,<br><br>          Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>          Defendant. | No. CV-12-229-LRS<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT, *INTER ALIA* |

**BEFORE THE COURT** are Plaintiff's Motion For Summary Judgment (ECF No. 15) and the Defendant's Motion For Summary Judgment (ECF No. 17).

**JURISDICTION**

Daniel L. Schafer, Plaintiff, applied for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income benefits ("SSI") on June 18, 2010. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing and a hearing was held on February 28, 2011, before Administrative Law Judge (ALJ) R.J. Payne. Plaintiff, represented by counsel, appeared and testified at this hearing. Also testifying telephonically was Harvey Alpern, M.D., as a medical expert. On March 4, 2011, the ALJ issued a decision denying benefits. The Appeals Council denied a request for review and the ALJ's decision became the final decision of the Commissioner. This decision is appealable to district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

**STATEMENT OF FACTS**

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 52 years old. He has a GED (general equivalency degree) and past relevant work experience as a fair maintenance worker, laborer, and truck driver. Plaintiff alleges disability since October 1, 2009, due to Chronic Obstructive Pulmonary Disease (COPD) and Coronary Artery Disease (CAD). Plaintiff's date last insured for DIB was December 31, 2009.

**STANDARD OF REVIEW**

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C. § 405(g)...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 2**

rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred by: 1) rejecting the opinions of Plaintiff's treating physician and accepting the opinions of the non-examining medical expert who testified at the administrative hearing; and 2) arriving at a conclusion about Plaintiff's physical residual functional capacity (RFC) that was not supported by substantial evidence in the record.

## DISCUSSION

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering his age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

determines if he is engaged in substantial gainful activities.  If he is, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).  If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work he has performed in the past.  If the claimant is able to perform his previous work, he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).  If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

     The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in his previous occupation.  The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 4**

**ALJ'S FINDINGS**

The ALJ found that Plaintiff has the following "severe" physical impairment: Chronic Obstructive Pulmonary Disease (COPD). The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1. The ALJ found that plaintiff has the residual functional capacity (RFC) to perform a full range of "light" work, 20 C.F.R. §§404.1567(b) and 416.967(b), specifically that he can lift and carry up to 20 pounds occasionally, and up to 10 pounds frequently; he can stand and/or walk for six hours and can sit for six hours; and he can occasionally stoop. The ALJ found this RFC precludes Plaintiff from performing his past relevant work. The ALJ also found, however, that based on Plaintiff's RFC, age, educational level and work experience, Medical-Vocational Rules 202.13, 202.14 and/or 202.15 dictate a finding that Plaintiff is not disabled.

**TREATING PHYSICIAN'S OPINION/MEDICAL EXPERT OPINION**

It is settled law in the Ninth Circuit that in a disability proceeding, the treating physician's opinion is given special weight because of his/her familiarity with the claimant and his physical condition. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Smolen v. Chater,* 80 F.3d 1273, 1285-88 (9th Cir. 1996); *Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinion is not contradicted, it can be rejected only with clear and convincing reasons. *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *See Flaten*, 44 F.3d at 1463; *Fair*, 885 F.2d at 605. "[W]hen evaluating

conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff was seen on a number of occasions by Robert Margraf, M.D., of the Community Health Association of Spokane (CHAS). On April 23, 2010, Dr. Margraf completed a "Physical Evaluation" form for the Washington Department of Social & Health Services (DSHS) in which he listed Plaintiff's diagnoses as COPD and CAD, indicated their severity was "moderate" (significant interference with the ability to perform one or more work-related activities), and indicated the Plaintiff was limited to "sedentary" work (ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools). Dr. Margraf, however, also acknowledged that Plaintiff needed "further evaluation of his cardiac disease to determine severity of impairment." Dr. Margraf specifically indicated he would await receipt of a catheterization report. (Tr. at pp. 193-96).

Plaintiff was then seen by Spokane Cardiology. On May 5, 2010, Plaintiff underwent a myocardial perfusion study. The myocardial perfusion scan was abnormal and demonstrated a "moderate perfusion defect in the inferior wall of the left ventricle." Nonetheless, Timothy C. Bishop, M.D., was reassured that Plaintiff did not experience arm pain during the exercise treadmill. Furthermore, Plaintiff's left ventricular function and regional wall motion appeared normal. Because of the size of the inferior wall perfusion abnormality, Dr. Bishop recommended a coronary angiogram in order to obtain a "definitive evaluation." (Tr. at p. 214). On July 2, 2010, Plaintiff underwent a "Left Heart Catheterization and Angiography" which revealed "[a]ngiographically normal coronary arteries."

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

The left ventricular ejection fraction and wall motion was not assessed due to renal insufficiency. Dr. Bishop recommended follow up with the primary care physician for further evaluation of "non-cardiac related chest pain." (Tr. at p. 211). On August 24, 2010, when Plaintiff returned to CHAS, it was noted by a physician's assistant that the "[l]eft heart catheterization and angiography performed on 7-2-2010 was normal." (Tr. at p. 238). The record does not contain any reports from Dr. Margraf after July 2, 2010.

Dr. Alpern, a cardiologist board-certified in internal medicine (Tr. at p. 112), reviewed the record and testified at the administrative hearing as a medical advisor/expert. He testified that Plaintiff had mild obstructive lung disease secondary to smoking, a "non-impairing" pericardial cyst, and "no evidence of coronary artery disease, with a vague history of left arm pain with no diagnosis." (Tr. at p. 39). Dr. Alpern opined that Plaintiff's RFC was "medium," although he did not quibble with DDS (Disability Determination Services) evaluators who indicated Plaintiff's RFC was "light." (Tr. at p. 41; pp. 230-37; p. 240). Dr. Alpern did not agree with Dr. Margraf that Plaintiff is limited to "sedentary" exertion. According to Dr. Alpern, this was because "the obstructive lung disease is mild by definition in the pulmonary function test, and the coronary artery disease is non-existent." (Tr. at p. 41).

Dr. Alpern's opinion is supported by other evidence in the record and consistent with that other evidence. Dr. Margraf himself noted that Plaintiff's obstructive disease was "mild." (Tr. at p. 199). Furthermore, Dr. Margraf's opinion that Plaintiff is limited to "sedentary" exertion was based on an assumption that Plaintiff suffered from moderately severe coronary artery disease. The validity of this assumption depended on a subsequent coronary consultation. Dr. Margraf acknowledged that Plaintiff needed "stress testing to further elucidate whether or not he has significant CAD" and that he (Dr. Margraf) would "assess [Plaintiff's] degree of disability after cardiology consultation." (Tr. at p. 199). As

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 7**

the record bears out, the subsequent cardiology consultation did not validate Dr. Margraf's assumption regarding the presence of CAD and the severity thereof. Moreover, Dr. Margraf did not assess Plaintiff's degree of disability after the cardiology consultation. Accordingly, the ALJ properly disregarded Dr. Margraf's opinion in favor of Dr. Alpern's opinion regarding Plaintiff's medical condition and his RFC. The ALJ offered specific and legitimate reasons for rejecting Dr. Margraf's opinion. (Tr. at pp. 20-21). These reasons are supported by substantial evidence in the record.

## CONCLUSION

Substantial evidence supports the Commissioner's decision that Plaintiff has not been disabled for any continuous 12 month period after October 1, 2009, the alleged onset date. Accordingly, Defendant's Motion For Summary Judgment (ECF No. 17) is **GRANTED** and Plaintiff's Motion For Summary judgment (ECF No. 15) is **DENIED**. The Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel.

DATED this ___10th___ of September, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 8**